# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FEDERAL HOME LOAN MORTGAGE CORP.,

      Plaintiff,

v.

MYRNA LORENZO,

      Defendant.

2:12-CV-255 JCM (PAL)

# ORDER

Presently before the court is plaintiff Federal Home Loan Mortgage Corporation's motion to remand this action to state court. (Doc. #6). Defendant Myrna Lorenzo has filed an opposition (doc. #10), to which plaintiff has replied (doc. #11).

This action was an unlawful detainer action filed in state court on September 30, 2011. Ms. Lorenzo, proceeding pro se, removed the action to federal court on February 17, 2012 contending a federal question existed, as well as on diversity grounds.

An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). This court has original subject matter jurisdiction over two types of cases. First, pursuant to 28 U.S.C. § 1331, this court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Second, pursuant to its diversity jurisdiction, the court may preside over suits between citizens of different states where the amount in controversy exceeds to sum or

**James C. Mahan**
**U.S. District Judge**

value of $75,000.  28 U.S.C. § 1332(a).  Where the complaint does not establish the amount in controversy, the "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

Pursuant to the forum defendant rule, removal on the basis of diversity jurisdiction is confined to "instances where no defendant is a citizen of the forum state." 28 U.S.C. § 1441(b); *see also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).  The removal statutes are construed restrictively, and doubts regarding the viability of removal are resolved in favor of remanding the case to state court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The complaint filed in state court makes clear that the instant action revolves solely around an unlawful detainer.  The complaint implicates no federal issue.  Accordingly, federal question jurisdiction is lacking. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (the federal question must be clear from the face of plaintiff's complaint in order for the court to have jurisdiction under 28 U.S.C. § 1331).

Secondly, the complaint does not establish the amount in controversy.  Indeed, plaintiff represents that the amount at issue in the unlawful detainer action is far less than $75,000. *See* Mot. Remand at 4:2-4.  Ms. Lorenzo, however, has failed to establish, by a preponderance of the evidence, that the jurisdictional amount is met.  Though she argues that the total loan on the home is $255,900, taking judicial notice of the papers filed by plaintiff, the court recognizes that plaintiff purchased this house at a trustee's sale.  Accordingly, the amount on the loan or the value of the house is not at issue.  What is at issue is the nominal damages plaintiff is allegedly incurring as a result of Ms. Lorenzo's alleged unlawful detainer.  Accordingly, the jurisdictional amount is lacking.  Furthermore, the court notes that as a forum defendant, Ms. Lorenzo's removal is itself procedurally deficient. *See* 28 U.S.C. § 1441(b).

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand (doc. #6) be, and the same hereby is, GRANTED.

DATED June 26, 2012.

*James C. Mahan*

**UNITED STATES DISTRICT JUDGE**